UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

:
LIBERTY MUTUAL FIRE INSURANCE :
COMPANY AS SUBROGEE OF PETER :
AND PAMELA METIVER :
:
v. :          CIV. NO. 3:13CV203 (WWE)
:
OMEGA FLEX, INC. :
:

RULING ON DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM
DISCLOSING EXPERT WITNESS [DOC. # 29]

Defendant Omega Flex, Inc. moves to preclude plaintiff,

Liberty Mutual Fire Insurance Company, as Subrogee of Peter and

Pamela Metiver, from disclosing an expert witness. [Doc. # 29].[1]

For the reasons that follow, defendant's motion to preclude

plaintiff from disclosing an expert witness is DENIED.

I.    **Background**

In this action, plaintiff asserts a products liability

claim pursuant to the Connecticut Products Liability Act. [Doc #

1].  Plaintiff alleges that its insured, Peter and Pamela

Metiver, own a residential real property located in Columbia,

Connecticut.  In 2011, the insured had installed a propane gas

delivery system equipped with corrugated stainless steel tubing

("CSST"), which is manufactured and sold by defendant. [Doc. #

1, Compl., at ¶¶ 6-8].  Plaintiff alleges that on July 18, 2012,

---

[1] At the time defendant filed its motion to preclude, plaintiff had not
disclosed any expert witnesses.  However, plaintiff has now disclosed four
(4) expert witnesses. Presumably, defendant seeks to preclude the opinions of
these four (4) experts as a sanction for the untimely disclosure.

lightning struck at or near the residence as the result of a thunderstorm. [Id. at ¶¶ 9-10]. Plaintiff alleges the energy from the lightning strike, in attempting to travel to the ground, migrated to the CSST which then perforated and released natural gas. [Id. at ¶ 10]. Plaintiff alleges that the heat from this "melting event" ignited the natural gas, which created a fire at the residence.  The fire caused significant damage to the residence and its contents. [Id. at ¶¶ 9-10]. As a result of the fire, plaintiff has allegedly reimbursed the insured for claims in an amount over $500,000. [Id. at ¶ 10]. Plaintiff alleges, inter alia, a defect in the CSST "consisting of a wall thickness which is incapable of withstanding the foreseeable energy dissipated by lightning." [Doc. # 19, Rule 26(f) Report, at Sec. III].

On May 16, 2013, the parties filed a Rule 26(f) report [Doc. # 19], which Judge Eginton approved. [Doc. # 22]. The Rule 26(f) report provides that all discovery, including expert depositions, will be completed by February 14, 2014. Under the current scheduling order, plaintiff's expert designations and reports were due by September 15, 2013, with its expert depositions to be completed by December 15, 2013.  Defendant's expert designations are due by November 15, 2013, with its expert depositions due by February 15, 2014. On October 21, 2013, plaintiff provided defendant with the following expert

disclosures and/or reports: disclosure of the cause and origin investigator, Jason Mignano, C.F.I.; the report and disclosure of plaintiff's metallurgist, Thomas W. Eagar, Sc.D., P.E.; the report and disclosure of plaintiff's CSST expert, Mark Goodson, P.E.; and the report and disclosure of plaintiff's mechanical engineer, Kenneth R. McLauchlan, P.E., C.F.E.I.

## II.  Discussion

Defendant seeks to preclude plaintiff from disclosing expert witnesses. Defendant argues that plaintiff's late disclosures are harmful and not justified.  Defendant also argues that plaintiff's late disclosures prejudice defendant because defendant does not have sufficient time to retain rebuttal expert witnesses and to disclose its experts' reports. Alternatively, defendant seeks the entry of a modified scheduling order.

Plaintiff objects to the motion to preclude and argues that defendant is not prejudiced by the late expert disclosures because no meaningful discovery has occurred, and the parties are within the timeframe to take additional discovery.

### A. Standard

Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) […] the party is not allowed to use that information or witness to supply evidence on a motion at a hearing, or at trial, unless the

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). See also Innis Arden Golf Club v. Pitney Bowes, Inc., No. 3:06CV1352 (JBA), 2009 WL 5873112, at *2 (D. Conn. Feb. 23, 2009) (quoting Fed. R. Civ. P. 37(c)(1)) ("If a party fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information… to supply evidence… at trial, unless the failure was substantially justified or is harmless…"). "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either substantial justification or harmlessness." Id. (quoting Lore v. City of Syracuse, No. 5:00-CV-1833, 2005 WL 3095506, at *3 (N.D.N.Y. Nov. 17, 2005)).

Courts in the Second Circuit are further directed to consider the following factors in determining whether to exclude expert testimony: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Sofitel Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955, 961 (2d Cir. 1997) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)). "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." Lab Crafters, Inc. v. Flow Safe,

4

Inc., No. CV-03-4025 (SJF)(ETB), 2007 WL 7034303, at *6
(E.D.N.Y. Oct. 26, 2007) (citing Sofitel, 118 F.3d at 962).

## B. Analysis

Plaintiff offers no explicit explanation for its failure to
comply with the scheduling order.  From plaintiff's objection,
however, it appears plaintiff delayed in disclosing its experts
because it did not have the benefit of defendant's discovery
responses.  Defendant contends that this proffered excuse is
nothing but "smoke and mirrors" because plaintiff did not serve
discovery on defendant until September 27, 2013, twelve (12)
days after the deadline for plaintiff to disclose its expert
witnesses.  Plaintiff's explanation is inadequate, given that
plaintiff could have sought an extension of time, from the Court
and/or the defendant, in which to make its expert disclosures.
Although plaintiff has failed to allege good cause for its
failure to comply with the scheduling order's deadline, there is
no evidence before the Court to suggest that plaintiff was
motivated by bad faith or other dilatory purpose.  Accordingly,
although the first Sofitel factor weighs in favor of preclusion,
it does not require it.  See also Lab Crafters, 2007 WL 7034303,
at *7 ("Exclusion of expert testimony should be reserved for
those rare cases where a party's conduct represents flagrant bad
faith and callous disregard for the Federal Rules of Civil
Procedure.").

With respect to the second <u>Sofitel</u> factor, the Court does not have the benefit of plaintiffs' experts' reports to weigh the importance of their anticipated testimony.  Nevertheless, in product liability cases, such as the one here, experts are usually central to establishing theories of defectiveness.  <u>See, e.g.,</u> <u>Walters v. Howmedica Osteonics Corp.</u>, 676 F. Supp. 2d 44, 50 (D. Conn. 2009) (citing <u>Lisella v. Ford Motor Co.</u>, No. 97-cv-2001, 1999 U.S. Dist. Lexis 23321, at 7-8 (D. Conn. Oct. 26, 1999)) ("In products liability cases… 'where the issue concerns a product's design… it would seem that expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective.'").  Accordingly, it is likely that these experts will play an important role in establishing plaintiff's theories of liability.  Therefore, this factor also weighs in favor of denying defendant's motion to preclude.

The third factor to consider is the prejudice suffered by defendant "as a result of having to prepare and meet new testimony." <u>Sofitel</u>, 118 F.3d at 962.  Defendant argues that plaintiff's late disclosure is harmful because defendant does not have sufficient time to retain rebuttal expert witnesses and disclose its experts' reports.  Plaintiff contends that defendant is not prejudiced because no meaningful discovery has occurred, and that parties are "well within the time frame for

discovery to take place."  Plaintiff also states that to the extent defendant's counsel requires additional time for its expert disclosures, "such consent would obviously be forthcoming."  The Court agrees that defendant is not prejudiced by the untimely disclosure given the procedural posture of the case, and plaintiff's willingness to consent to an extension of defendant's expert disclosure deadlines.  Moreover, any prejudice suffered by an opposing party as a result of late disclosure "can be alleviated by allowing them to depose the expert prior to trial."  Lab Crafters, 2007 WL 7034303, at *8. Any prejudice defendant may suffer as a result of the late disclosure may be further mitigated by requesting an extension of the other expert discovery deadlines.

Finally, the Court considers the possibility of continuance.  In this case, no trial date has been set.  The parties' dispositive motions are not due until March 15, 2014. In light of plaintiff's untimely disclosures, a brief extension of the discovery deadlines, and thus the dispositive motion and trial ready deadlines, is appropriate.  Although the Court is cognizant that extended deadlines will adversely affect the progression of the case, any delay appears de minimus given the case's current procedural posture.  For example, defendant proposes a modified scheduling order that would delay the filing

of dispositive motions by only one month. [Doc. # 32-1].[2]

Accordingly, this factor also weighs in favor of denying

defendant's motion to preclude.

Based on the Court's balancing of the <u>Sofitel</u> factors, and

the general preference to determine issues on the merits,

defendant's motion to preclude is DENIED.  <u>See</u> <u>Lab Crafters</u>,

2007 WL 7034303, at *2 ("[C]ourts generally favor the

determination of issues on the merits."); <u>Scientific Components</u>

<u>Corp. v. Sirenza Microdevices, Inc.</u>, No. 03 CV 1851(NGG)(RML),

2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008) (multiple

citations omitted)("[P]recluding testimony of an expert, even

where there has not been strict compliance with Rule 26, may at

times tend to frustrate the Federal Rules' overarching objective

of doing substantial justice to litigants.").

Defendant alternatively requests the entry of a proposed

modified scheduling order. [Doc. # 32].  The Court declines to

enter defendant's proposed amended scheduling order, absent

plaintiff's position on the proposed deadlines.  Although the

Court agrees that a brief extension of the current deadlines is

necessary, the parties shall instead confer and submit for the

Court's consideration a joint proposed modified scheduling

order.

---

[2] The proposed amended scheduling order sets April 15, 2015 as the dispositive
motion deadline.  Reviewing the other deadlines set forth in the proposed
order, the year 2015 appears to be error, and the correct date should reflect
April 15, 2014. <u>See</u> Doc. 32-1.

The Court notes that nothing in this ruling should be construed as an opinion on the admissibility of the expert reports or testimony.

**III. Conclusion**

For the reasons set forth herein, the defendant's motion to preclude [Doc. # 29] is DENIED. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 14th day of November 2013.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE